

SOUTHERN DISTRICT OF MISSISSIPPI
**F I L E D**

**JUN 3 0 2010**

J. T. NOBLIN, CLERK

BY_____ DEPUTY

## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
## SOUTHERN DIVISION

**NATIONWIDE MUTUAL FIRE INSURANCE
COMPANY**                                                                    **PLAINTIFF**

**VS.**                                         CIVIL ACTION NO. 1:10cv298 HSo-Jmc

**SEA BREEZE CONDOMINUIMS &
RESORT OWNER'S ASSOCIATION, INC.,
ALADDIN CONSTRUCTION CO., INC.,
ARTISAN TEXTURES, INC., ABC INDIVIDUALS,
AND XYZ ENTITIES**                                                          **DEFENDANTS**

## COMPLAINT FOR DECLARATORY JUDGMENT

**COMES NOW**, the Plaintiff, NATIONWIDE MUTUAL FIRE INSURANCE

COMPANY ("NATIONWIDE"), by and through its undersigned counsel, and files this,

its Complaint for Declaratory Judgment, pursuant to Rule 57 of the Federal Rules of

Civil Procedure, and in support hereof would show unto the Court the following, to wit:

### PARTIES

1.      NATIONWIDE is a foreign insurance corporation organized under the

laws of the State of Ohio, with its principal place of business in Columbus, Ohio, who is

authorized to do business in, and is in good standing with the State of Mississippi.

2.      Defendant, SEA BREEZE CONDOMINUIMS & RESORT OWNER'S

ASSOCIATION, INC., is a Mississippi Non-Profit Corporation with its principal place of

business being 1899 Beach Boulevard, Biloxi, Second Judicial District of Harrison

County, Mississippi, and which can be served process of this court through its registered

agent for service of process, National Registered Agents Inc., who may be found at 840

Trustmark Bldg 248 E Capitol Street, Jackson, Hinds County, Mississippi.

3.      Defendant, ALADDIN CONSTRUCTION CO., INC., is a Mississippi

business corporation in good standing with the State of Mississippi, which may be

served process of this court through its registered agent for service of process, Lezlee M. Hardin, who may be found at 9343 Oaklawn Road, Biloxi, Second Judicial District of Harrison County, Mississippi.

4.     Defendant, ARTISAN TEXTURES, INC., is an administratively dissolved Mississippi business corporation not in good standing with the State of Mississippi, which may be served process of this court through its registered agent for service of process, Dianna D. Heggins, 2953 Bienville Blvd., #115 Ocean Springs, Jackson County, Mississippi.

5.     ABC Individuals and XYZ Entities are individuals and/or entities who are unknown or unascertainable to NATIONWIDE, at the time of the filing of this Complaint, who may have an interest in or who may be necessary parties to this action, and who may be added or substituted as defendants at a later time, once their identities and whereabouts have been made known to the NATIONWIDE upon diligent search and inquiry.

6.     The Defendants named herein have been named as party Defendants to this civil action so that any Order or Judgment rendered in this matter, as to the existence of coverage owed to Defendant, ALADDIN CONSTRUCTION CO., INC., if any, by NATIONWIDE, will be binding upon all said Defendants under the theories of res judicata and/or collateral estoppel. Therefore, pursuant to *Coleman v. Mississippi Farm Bureau Ins. Co.*, 708 So. 2d 6 (Miss. 1998), all of said Defendants have been added as parties, pursuant to Rule 19(a) of the Federal Rules of Civil Procedure, as each one of the Defendants' presence is necessary and indispensible for complete and final adjudication of the issues presented herein.

## JURISDICTION

7.     This Court has jurisdiction pursuant to 28 U.S.C. § 2201 in that this civil action involves a declaratory judgment.  Further, this Court has jurisdiction pursuant to 28 U.S.C. § 1332 in that the parties are citizens of different states and the amount in controversy exceeds $75,000, exclusive of costs and interest.

8.     Rule 57 of the Federal Rules of Civil Procedure provides that NATIONWIDE may seek a declaration from this Court as to the rights and obligations among and between the parties in relation to the NATIONWIDE Policy, including, but not limited to, whether NATIONWIDE has an obligation to provide a defense, indemnity and/or coverage to Defendant, ALADDIN CONSTRUCTION CO., INC., as to the Underlying Action filed by Defendant, SEA BREEZE CONDOMINUIMS & RESORT OWNER'S ASSOCIATION, INC.

9.     An actual controversy exists as between the parties.

## VENUE

10.     Venue is proper in this Court, including, but not limited to, pursuant to 28 U.S.C. § 1391 in that one or more of the defendants, herein, resides in the Southern Division of the Southern District of Mississippi.

## FACTS

11.     This matter rises from the construction of a condominium structure in Biloxi, Mississippi, commonly known as "Sea Breeze Condominiums."

12.     Prior to November 20, 2009, the owner of the common areas of the Sea Breeze Condominiums, the Sea Breeze Condominiums and Resort Owners Association, Inc. (hereafter "the Association"), filed suit against the general contractor and architect responsible for the construction of the condominiums, Roy Anderson Corporation and Harry Baker Smith Architects II, PLLC, in the Circuit Court for the Second Judicial

District of Harrison County, Mississippi, seeking damages against them for various claims and damage caused by certain and enumerated defects in the construction of the condominium building (hereinafter the "Underlying Action").

13. On or around November 20, 2009, the Association amended its Complaint to add a number of additional defendants, including Aladdin Construction Company, Inc. (hereinafter "Aladdin Construction"). Thereafter, the Association amended its Complaint for a second time on December 30, 2009, which said Second Amended Complaint is the current version of the Complaint on record. A true and correct copy of said Second Amended Complaint is attached hereto and is incorporated herein by reference as **Exhibit "A"**.

14. The Second Amended Complaint alleges that the Defendants, including Aladdin Construction, "negligently and carelessly failed" in the following manner, to:

> A. Comply with the requirements of applicable building codes in designing, constructing, and inspecting the common areas and improvements of the Sea Breeze Condominiums;
>
> B. Construct and inspect the common areas and improvements of Sea Breeze Condominiums in accordance with proper and approved construction plans and specifications;
>
> C. Employ good design, engineering, and construction practices in the design, construction and inspection of common areas and improvements as Sea Breeze Condominiums; and
>
> D. Otherwise exercise due care with respect to the design, construction and inspection of common areas and improvements of Sea Breeze Condominiums.

*See* **Exhibit "A"** at ¶ VI.

15. Plaintiff's Second Amended Complaint alleges that, as a direct and proximate result of the negligence and carelessness of Defendants, to include Aladdin

Construction, the common areas and improvements of the Sea Breeze Condominiums contain several defects, to include the following:

1. Significant and potentially impairing structural cracks forming from the ceiling of the parking deck;
2. Inadequately designed and/or constructed HVAC system;
3. Inadequate window systems which are popping and leaking;
4. Leaking and corroding swimming pools; and
5. Premature deterioration over and beyond the normal wear and tear of the elevator system caused by the misdesign of the building and lack of adequate climate control for the elevator area.

*See* **Exhibit "A"** at ¶ VII (1)-(5).

16. Lastly, the Second Amended Complaint also seeks damages for "other construction problems and anomalies to be set forth in the course of this cause of action." *See* **Exhibit "A"** at ¶ VII (6).

17. There are no allegations in the Second Amended Complaint relative to the installation of the stucco sheathing on the exterior or the envelope of the building system, nor are there allegations of leaks in and through the stucco outer sheathing into the building envelope.

18. Plaintiff's Second Amended Complaint alleges that it will be required to expend sums to repair defects in the common areas and other improvements of the Sea Breeze Condominiums as a direct and proximate result of the negligence and carelessness of Defendants, including Aladdin Construction. *See* **Exhibit "A"** at ¶ VIII.

19. Subsequent to the filing of the Second Amended Complaint, Aladdin Construction began making demands from Artisan Textures, Inc., incorrectly identified as Artisan Construction (hereinafter "Artisan"), and then from Nationwide, for defense

and indemnity pursuant to paragraph 8.0 and 8.1 of the subcontract entered into between Artisan and Aladdin Construction.

20.    The Aladdin Construction subcontract agreement with Artisan reveals that the scope of work for that subcontract includes the following:

> 1.    Provide a complete stucco system with elastomeric finish and related PVC trim in accordance with [certain specific] drawings . . .
>
> 3.    Preparation of exterior sheathing including tape and joint treatment, pre-detailing of window openings, primer, surface mount trim, control joints, etc., as required by the manufacturer.
>
> 4.    Provide 2.5 galvanized, fatback metal, metal laid over exterior sheathing.  Extend lathe over slab edge where stucco spans from one floor to next.
>
> 5.    Stucco over concrete shall be a skim coat and finish coat with no lathe.  Perform surface preparation of concrete and apply bonding agent as required by the manufacturer. . . .
>
> 7.    Provide a medium textured finish coat. . . .
>
> EXCLUDING:  the following are excluded from this scope of work:  joint sealants.

*See* Subcontract Agreement, a true and correct copy of which is attached hereto and is incorporated herein by reference as **Exhibit "B"**.

21.    To date, Artisan has not been named as a defendant to the underlying action.  Nor has Artisan been specifically identified, by name, by specific contract or scope of work, within the four corners of the Association's original Complaint, and all amendments thereto, including the Second Amended Complaint.

### NATIONWIDE'S POLICY

22.    At all times relevant here, Artisan owned a Contractors liability insurance policy with Nationwide, Policy No. 63 AC 251-112-3001, with effective dates of coverage from March 6, 2005, through March 6, 2006 ("Nationwide's Policy" or "the Nationwide

Policy"). A true and correct copy of Nationwide's Policy is attached hereto and is incorporated herein by reference as **Exhibit "C"**.

23. Nationwide's Policy provides for the following in its "insuring agreement":

A.    COVERAGES

    1.    Business Liability

        (a)    We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury," "property damage," "personal injury or "advertising injury" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages. We may at our discretion investigate any "occurrence" and settle any claim or "suit" that may result.

            ...

        No other obligation or liability to pay sums or perform acts or services is covered unless explicitly provided for under Coverage Extensions – Supplementary Payments.

        (b)    This insurance applies:

            (1)    To "bodily injury" and "property damage" only if:

                (a)    The "bodily injury" or "property damage" is caused by an "occurrence" that takes place in the "coverage territory"; and

                (b)    The "bodily injury" or "property damage" occurs during the policy period.

            (2)    To:

                (a)    "Personal injury" caused by an offense arising out of your

business, excluding advertising, publishing, broadcasting or telecasting done by or for you;

(b)   "Advertising injury" caused by an offense committed in the course of advertising your goods, products or services;

but only if the offense was committed in the "coverage territory" during the policy period.

See **Exhibit "C"**, Section A, ¶¶1(a) and (b).

24.   Nationwide's Policy further provides as follows:

C.   WHO IS AN INSURED

1.   If you are designated in the declarations as: …

d.   An organization other than a partnership, joint venture or limited liability company, you are an insured. Your "executive officers" and directors are insureds, but only with respect to their duties as your officers or directors.

See **Exhibit "C"**, Section C, ¶1. d.

25.   By way of endorsement, this provision was modified to add the following:

WHO IS AN INSURED (Section C) is amended to include as an insured the Person or Organization in the Schedule, but this insurance with respect to such Person or Organization applies only to the extent that such Person or Organization is held liable for your acts or omission arising out of and in the course of operations performed for such Person or Organization by your or your subcontractor.

See **Exhibit "C"**, Additional Insured-Owners, Lessees or Contractors (Form B), ACP-0013.

26.   The Schedule made part of the above-referenced endorsement identifies "Aladdin Construction."

27.   Nationwide's Policy defines "bodily injury" as "bodily injury, sickness or disease sustained by a person, including death resulting from any of these at any time."

*See* **Exhibit "C"**, Section F, ¶ 3.

28.   Nationwide's Policy defines "property damage" as:

(A)   Physical injury to tangible property, including all resulting loss of use of that property.  All such loss of use shall be deemed to occur at the time of the physical injury that caused it; or

(B)   Loss of use of tangible property that is not physically injured.  All such loss of use shall be deemed to occur at the time of the "occurrence" that caused it.

*See* **Exhibit "C"**, Section F - Definitions, ¶ 12.

29.   Nationwide's Policy defines "personal injury" as follows:

a.   False arrest, detention or imprisonment;
b.   Malicious prosecution;
c.   The wrongful eviction from, wrongful entry into, or invasion of the right of private occupancy of a room, dwelling or premise that a person occupies, committed by or on behalf of its owner, landlord or lessor;
d.   Oral or written publication of material that slanders or libels a person or organization or disparages a person's or organization's goods, products or services; or
e.   Oral or written publication of material that violates a person's right of privacy.

*See* **Exhibit "C"**, Section F.--Definitions, at ¶10.

30.   The term "advertising injury" is defined in Nationwide's Policy as:

Injury arising out of one or more of the following offenses:

a.   Oral or written publication of material that slanders or libels a person or organization or disparages a person's or organization's goods, products or services;

      b.     Oral or written publication of material that violates a person's right of privacy;

      c.     Misappropriate of advertising ideas or style of doing business; or

      d.     Infringement of a copyright, title or slogan.

*See* **Exhibit "C"**, Section F.--Definitions, at ¶10.

31.     Nationwide's Policy defines "occurrence" as "an accident, including continuous or repeated exposure to substantially the same general harmful conditions." *See* Nationwide's Primary Policy, Section F - Definitions, ¶9.

32.     The Nationwide Policy states, in pertinent part as follows:

This insurance does not apply to: ...

      a.     "Bodily injury" or "property damage" expected or intended from the standpoint of any insured.  This exclusion does not apply to "bodily injury" resulting from the use of reasonable force to protect persons or property.

      ...

*See* **Exhibit "C"**, Section B, ¶ 1 (a).

33.     The Nationwide Policy further states, in pertinent part as follows:

This insurance does not apply to: ...

      *l.*     Damage to your product

      "Property damage" to "your product"[1] arising out of any part of it.

---

[1] The Nationwide Policy defines "your product" as:

      a.     Any goods or products, other than real property, manufactured, sold, handled, distributed or disposed of by:

           (1)     You;

           (2)     Others trading under your name; or

           (3)     A person or organization whose business assets you have acquired.

...

*See* **Exhibit "C"** at, Section B, ¶ 1(*l*).

34.   The Nationwide Policy further states, in pertinent part as follows:

This insurance does not apply to: ...

m.   Damage to Your Work
"Property damage" to "your work" arising out of it or any part of it and included in the "products-completed operations hazard."

This exclusion does not apply if the damaged work or the work out of which the damage arises was performed on your behalf by a subcontractor.

...

*See* **Exhibit "C"** at, Section B, ¶ 1(m).

## COUNT I – DECLARATORY JUDGMENT

35.   Nationwide incorporates the above allegations herein by reference, and would further show as follows:

36.   The terms, conditions, exclusions and endorsements of Nationwide's Policy are clear and unambiguous.

---

b.   Containers (other than vehicles), materials, parts or equipment furnished in connection with such goods or products.

"Your products" includes:

a.   Warranties or representations made at any time with respect to the fitness, quality, durability, performance or use of "your product"; and

b.   The providing of or failure to provide warnings or instructions.

"Your product" does not include vending machines or other property rented to or located for the use of others but not sold."

*See* **Exhibit "C"** at, Section F, ¶ 14.

37.    Defendant, Aladdin Construction, does not qualify as an "additional insured" under the Nationwide Policy on account of the allegations contained in the Association's Second Amended Complaint.

38.    In the alternative, the allegations contained in the Association's Second Amended Complaint do not trigger coverage for Defendant, Aladdin Construction, under the Insuring Agreement of the Nationwide Policy, and/or is subject to a valid and enforceable exclusion thereto.

39.    Therefore, Nationwide owes no duty of coverage for, including a duty to defend or indemnify, Defendant, Aladdin Construction, under Nationwide's Policy for the claims of Defendant, the Association, in the Underlying Action.

**WHEREFORE, PREMISES CONSIDERED**, Nationwide prays that this Court:

A.    Declare that the terms and conditions of the Nationwide Policy, Policy No. 63 AC 251-112-3001, relieve it of any duty which otherwise may exist to provide liability coverage, including a duty of defense and/or indemnification, for Defendant, Aladdin Construction, for any and all claims arising out of the claims of Defendant, the Association, in the Underlying Action; and

B.    Enjoin each and every one of these Defendants from either initiating or prosecuting a suit or any other action, including any post-judgment remedial action or garnishment against Nationwide, until such time as this Court declares the rights and duties of the parties requested above; and

C.    Advance this cause on the Court's calendar as authorized by Federal Rule of Civil Procedure 57; and

D.    Grant Nationwide such other general relief as this Court deems appropriate.

**FURTHERMORE**, Nationwide prays that this Complaint for Declaratory Relief be received and that the declaratory relief be entered on each of the issues set forth above.

**RESPECTFULLY SUBMITTED** on this the ___29th___ day of June, 2010.

NATIONWIDE MUTUAL FIRE
INSURANCE COMPANY

By _____
CLYDE X. COPELAND, III

OF COUNSEL:

CLYDE X. COPELAND, III – MSB# 10322
SAMUEL L. ANDERSON - MSB#9785
HARRIS JERNIGAN & GENO, PLLC
587 Highland Colony Parkway
Post Office Box 3380
Ridgeland, MS 39158-3380
Telephone: (601) 427-0048
Facsimile:   (601) 427-0050