IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

NATIONWIDE MUTUAL FIRE INSURANCE COMPANY          PLAINTIFF

v.                                    Civil Action No. 1:10cv298HSO-JMR

SEA BREEZE CONDOMINIUMS, ET AL.                         DEFENDANTS

## ORDER GRANTING DEFENDANTS' REQUEST FOR FEDERAL RULE OF CIVIL PROCEDURE 56(d) RELIEF AND DENYING PLAINTIFF'S MOTIONS FOR SUMMARY JUDGMENT WITHOUT PREJUDICE

Before the Court is the Motion for Summary Judgment [48], filed by Plaintiff Nationwide Mutual Fire Insurance Company ["Nationwide"], pursuant to FED. R. CIV. P. 56, on November 29, 2010. Nationwide has also filed a Motion for Summary Judgment [57-1] as Related to the Cross-Claim asserted by Defendant Aladdin Construction Company, Inc. ["Aladdin"], against Defendant Artisan Textures, Inc. ["Artisan"]. Aladdin filed a consolidated Response in opposition on January 21, 2011 [65-1], and requested additional discovery and/or relief under FED. R. CIV. P. 56(d) in order to adequately oppose the Motion. On January 25, 2011, Artisan filed a consolidated Response [69-1], also seeking additional discovery and/or relief under FED. R. CIV. P. 56(d) in order to adequately oppose the Motion. Thereafter, Nationwide filed Rebuttals [75-1, 77-1].

After consideration of the submissions of the parties, the record in this case, and the relevant law, the Court finds that Defendants' Rule 56(d) requests should

be granted, and that Plaintiff's Motions for Summary Judgment [48-1, 57-1] should be denied without prejudice at this time, with leave to reassert at the close of discovery.

## I. FACTUAL AND PROCEDURAL BACKGROUND

This matter arises from the construction of a condominium structure in Biloxi, Mississippi, commonly known as Sea Breeze Condominiums ["Sea Breeze"]. Aladdin entered into a subcontract agreement with Roy Anderson Construction, the general contractor, to perform work related to the construction of the interior and exterior of the Sea Breeze project. Aladdin, in turn, subcontracted with Artisan for installation of the stucco sheathing relative to the exterior stucco system of the building.

At all times relevant, Artisan owned a Nationwide Insurance Policy. Aladdin was named as an additional insured under the subject policy by way of an endorsement. Mot. for Summ. J. at p. 8, Ex. "A" at p. 10. Aladdin's subcontract with Artisan required that Aladdin be named as an additional insured on Artisan's various insurance policies, and also required that Artisan's policies of insurance include contractual liability coverage. *See* Exhibit "B". The subcontract also included an indemnity provision, requiring Artisan to defend and indemnify Aladdin related to any claims which arose in connection with the work undertaken by Artisan.

On December 30, 2005, Sea Breeze filed suit in the Circuit Court of Harrison County, Mississippi, against numerous defendants including Roy Anderson Corporation and Aladdin. Second Am. Compl. filed in Circuit Court, att. as Ex. "A" to Compl. Aladdin thereafter made indemnity demands upon both Artisan and

Nationwide.

Nationwide filed the above captioned declaratory action in this Court on June 30, 2010, alleging that based upon the clear and unambiguous terms of Nationwide's insuring agreement, there is no coverage available for the claims made by Aladdin for additional insured benefits under Nationwide's Policy issued to Artisan.  Compl. at pp. 11-12.  On July 26, 2010, Aladdin filed its Answer and asserted a Counter-Claim against Nationwide for its refusal to indemnify and/or breach of its duty to defend the underlying claims.  Answer at pp. 16-18.  In that same pleading, Aladdin also advances a Cross-Claim against Artisan for breach of contract, breach of duty to investigate, and breach of duty to defend and/or indemnify. *Id.* at pp. 24-26.

The above captioned cause is presently set on this Court's February 2012 calendar, with discovery to expire on August 1, 2011.

## II. <u>DISCUSSION</u>

Federal Rule of Civil Procedure 56 governs motions for summary judgment. Rule 56(c) states that the judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that a moving party is entitled to judgment as a matter of law.  FED. R. CIV. P. 56.  The purpose of summary judgment is to isolate and dispose of factually unsupported claims or defenses. *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986); *Meyers v. M/V Eugenio C.*, 842 F.2d 815, 816 (5th Cir. 1988).

Rule 56(d) provides that:

> [i]f a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may: (1) defer considering the motion or deny it; (2) allow time to obtain affidavits or declarations or to take discovery; or (3) issue any other appropriate order.

FED. R. CIV. P. 56(d).

Rule 56(d) discovery motions are "broadly favored and should be liberally granted." *Culwell v. City of Fort Worth*, 468 F.3d 868, 871 (5th Cir. 2006). The Rule "allows for further discovery to safeguard non-moving parties from summary judgment motions that they cannot adequately oppose." *Id*. The Court is of the opinion that the Rule 56(d) standard is satisfied here. Though Plaintiffs have not filed a formal Rule 56(d) motion, this Court has held that "[w]hen a party files a brief opposing the motion for summary judgment and informs the court of the need for additional discovery, these documents can combine to serve 'as the functional equivalent' of a Rule 56[d] motion." *Travelers Property Cas. Co. of America v. Dillard's, Inc.*, No. 2:07cv312, 2008 WL 886099, at * 2 (S.D. Miss. 2008) (citing *Harrods Ltd. v. Sixty Internet Domain Names*, 302 F.3d 214, 244 (4th Cir. 2002)).

Rule 56 "presupposes that a party opposing a motion for summary judgment has had an adequate time for discovery of evidence of contradictory facts." *Isaacson v. Waste Management, Inc.*, No. 1:08cv438, 2009 WL 2408374, at *1 (S.D. Miss. Aug. 3, 2009)(quoting *Lewis v. Federal Reserve Bank of Atlanta-New Orleans*, 04-1452, 2004 WL 2035006, at *4 (E.D. La. Sept. 10, 2004)).

A review of the record and briefs indicates that, at this stage of the proceedings, Plaintiff has not carried its summary judgment burden, namely that there are no disputed facts entitling Nationwide to judgment as a matter of law.  Moreover, the Court finds that Defendants have made a sufficient showing of their need for further discovery, including the depositions of the underlying claimant Sea Breeze and the general contractor Roy Anderson Corporation.  Based upon the foregoing, and because further discovery could potentially alter the current posture of both of Plaintiff's Motions, these Motions for Summary Judgment will be denied at this time without prejudice, with leave to reassert once the parties have concluded discovery.

III.  <u>CONCLUSION</u>

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that, the requests of Defendants Aladdin Construction Company, Inc., and Artisan Textures, Inc., for FED. R. CIV. P. 56(d) relief should be and hereby is **GRANTED**.

**IT IS, FURTHER, ORDERED AND ADJUDGED** that, the Motions for Summary Judgment [48-1, 57-1], filed by Plaintiff Nationwide pursuant to FED. R. CIV. P. 56, should be and hereby are **DENIED WITHOUT PREJUDICE**, with leave to reassert upon the conclusion of discovery in this case.

**SO ORDERED AND ADJUDGED**, this the 22nd day of April, 2011.

_s/ Halil Suleyman Ozerden_
HALIL SULEYMAN OZERDEN
UNITED STATES DISTRICT JUDGE

-5-